ASHLEN ACQOILA AND IVY ACQUILA, AND ON BEHALF OF KYLIE DEWILDE, GRACIE DEWILDE AND LILY DEWILDE, Petitioners-Appellees,
v.
ERIC L. DAVIES AND MIRELLA M. DAVIES, Respondents-Appellants.
No. 28914
Intermediate Court of Appeals of Hawaii.
January 20, 2009.
On the briefs:
Brian B. Custer, Gary L. Hartman, for Respondents-Appellants.
R. Laree McGuire, (Brooks Tom Porter & Quitiquit), for Petitioners-Appellees.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE and LEONARD, JJ.
Respondents-Appellants Eric L. Davies and Mirella M. Davies (Appellants) appeal from the Order Granting Petition for Injunction Against Harassment, filed on September 24, 2007, in the District Court of the First Circuit, Honolulu Division (District Court), and seek relief from: (1) the District Court's Order Awarding Attorney's Fees and Costs; and (2) the District Court's Denial of Respondent's Motion to Amend Award of Fees and Taxation of Costs.[1]
Appellants raise two points of error on this appeal: (1) the District Court erred when it awarded $5,000 in attorney's fees to Petitioners-Appellees Ashlen Aquila and Ivy Aquila (Appellees); and (2) the District Court erred when it failed to deny attorney's fees to Appellees and/or grant them to Appellants.
This court reviews the trial court's grant or denial of attorneys' fees and costs under the abuse of discretion standard. Price [v. AIG Hawai`i Ins. Co., Inc.], 107 Hawai'i [106,] 110, 111 P.3d [1,] 5 [(2005)] [.]
The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.
Id.
Enoka v. AIG Hawaii Ins. Co., Inc., 109 Hawai'i 537, 544, 128 P.3d 850, 857 (2006).
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:
(1) Under Hawaii Revised Statutes (HRS) § 604-10.5 (g) (Supp. 2007), the District Court "may grant the prevailing party in an action brought under this section [addressing the court's power to enjoin and temporarily restrain harassment], costs and fees, including attorney's fees." We conclude that the District Court did not abuse its discretion when, under HRS § 604-10.5(g), it awarded attorney's fees and costs against Appellants and in favor of Appellees because, inter alia, Appellees were the prevailing party (see, e.g., Fought & Co., Inc. v. Steel Eng'g and Erection, Inc., 87 Hawai'i 37, 52-53, 951 P.2d 487, 502-03 (1998)), the District Court's award was not based on a clearly erroneous view of the evidence in the case, and, contrary to Appellants' argument, no showing of bad faith is required to award attorney's fees under HRS § 604-10.5(g). We reject Appellants' argument that the District Court was precluded from granting attorney's fees against them based on the court's statement of its general views and inclinations or the court's statement that Appellees could cite whatever authorities they wanted to in support of a written motion for fees. We also reject Appellants' arguments that statements made in the course of a failed mediation attempt should have been considered by the District Court. See Hawaii Rules of Evidence Rule 408 ("Mediation or attempts to mediate a claim which was disputed, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations or mediation proceedings is likewise not admissible.").
(2) In addition to the foregoing, we conclude that the District Court did not abuse its discretion when it declined to exercise its inherent powers under HRS § 604-7 (e) (1993) to "sanction" Appellees by denying them attorney's fees or by awarding attorney's fees to Appellants. This argument is without merit. Indeed, the record on appeal does not reflect that Appellants made such a request in the court below and, therefore, this issue is waived. Hawai'i Rules of Appellate Procedure Rule 28(b) (4).
For these reasons, the District Court's orders are affirmed.
NOTES
[1] The Honorable Hilary B. Gangnes presided.